IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| Derrick Powell,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>Terra Taylor, Warden Joseph Canning, Lt. James Allen, Warden Nelson,<br><br>　　　　　Defendants. | C/A No.: 4:25-cv-5080-SAL-TER<br><br><br>**ORDER** |

　　　　Plaintiff Derrick Powell, a Delaware prisoner residing at the South Carolina Department of Corrections ("SCDC"), filed a complaint under 42 U.S.C. § 1983 against SCDC, but he later amended his complaint to name specific prison officials. *See* ECF Nos. 1, 23. After filing his amended complaint, Plaintiff also moved for a temporary restraining order or preliminary injunction, asking that the court enjoin certain named defendants and non-parties from retaliating against him. In the alternative, Plaintiff sought transfer to a different correctional institution within SCDC. [ECF No. 30.] This matter is before the court for review of the Report and Recommendation ("Report") of Magistrate Judge Thomas E. Rogers, III, made in accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02(B)(2)(d) (D.S.C.). [ECF No. 53.] The Report recommends summary dismissal of Defendants Taylor, Canning, and Nelson because Plaintiff failed to make specific allegations against those defendants. *Id.* at 3–5. The Report further recommends denying Plaintiff's motion for injunctive relief with leave to refile properly. *Id.* at 5.

　　　　Plaintiff was advised of his right to file objections to the Report, and he did so. *See* ECF Nos. 53 at 7; 58. Along with his objections, Plaintiff moved to further amend his complaint. [ECF No. 59.] The court directed Plaintiff to submit a proposed amended complaint and advised him

1

that any amended complaint should be complete as it would replace any prior complaint. [ECF No. 63.] Plaintiff has now provided a proposed amended complaint naming additional defendants and providing additional factual detail. [ECF No. 66.]

The court accepts Plaintiff's proposed amended complaint, ECF No. 66, as the operative complaint in this case. The Clerk is directed to update the docket accordingly.

The new operative complaint renders some of the Report—specifically, the recommended dismissal of Defendants Taylor, Canning, and Nelson—moot. But the court must still rule on Plaintiff's requested injunctive relief. For the reasons that follow, the court adopts the Report's recommendation and denies Plaintiff's motion for a temporary restraining order with leave to refile appropriately.

## STANDARD OF REVIEW

The magistrate judge makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with this court. *See Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). In response to a recommendation, any party may serve and file written objections. *See Elijah v. Dunbar*, 66 F.4th 454, 459 (4th Cir. 2023) (citing 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b)(3)). The district court then makes a de novo determination of those portions of the Report to which an objection is made. *Id.* To trigger de novo review, an objecting party must object with sufficient specificity to reasonably alert the district court of the true ground for the objection. *Id.* (quoting *United States v. Midgette*, 478 F.3d 616, 622 (4th Cir. 2007)). If a litigant objects only generally, the court need not explain adopting the Report and must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (citing Fed. R. Civ. P. 72 advisory committee's note).

An objection is specific so long as it alerts the district court that the litigant believes the magistrate judge erred in recommending dismissal of that claim. *Elijah*, 66 F.4th at 460. Objections need not be novel to be sufficiently specific. *Id.* Thus, "[i]n the absence of specific objections . . . this court is not required to give any explanation for adopting the recommendation." *Field v. McMaster*, 663 F. Supp. 2d 449, 451–52 (4th Cir. 2009) (emphasis in original).

Because Plaintiff is proceeding *pro se*, the court is charged with liberally construing the pleadings to allow him to fully develop potentially meritorious claims. *See Cruz v. Beto*, 405 U.S. 319 (1972); *Haines v. Kerner*, 404 U.S. 519 (1972). That said, the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 390–91 (4th Cir. 1990).

## DISCUSSION

As explained above, the court's acceptance of Plaintiff's amended complaint renders much of the Report moot. Nevertheless, the issue of Plaintiff's requested injunctive relief remains. *See* ECF No. 30. In his motion for a temporary restraining order, Plaintiff seeks to prevent SCDC employees from retaliating against him for filing this suit. *Id.* He anticipates retaliation in the form of withholding medical or mental health treatment, denial of access to showers, food, medication, his personal property, and the courts, as well as potential physical or psychological harm. *Id.* at 1. Alternatively, Plaintiff asks to be placed at Kirkland Correctional Institution if a hearing cannot be held prior to September 19, 2025. *Id.*

The magistrate judge notes that Plaintiff's motion names individuals who are not parties to this action and references a desire to be relocated. Noting that prisoners do not have a constitutionally recognized liberty interest in a particular security classification or prison

placement, the magistrate judge recommends Plaintiff's motion for injunctive relief be denied with leave to file appropriately. [ECF No. 53 at 5.]

The court agrees with the magistrate judge. The Report's reasoning remains sound even with the amended complaint. While there is some overlap between the individuals named in Plaintiff's motion and those in the second amended complaint—now the operative complaint— Plaintiff's motion continues to seek injunctive relief against non-parties. *Cf.* ECF Nos. 30; 66. Additionally, as noted in the Report, Plaintiff does not have a constitutional right to be confined in a particular correctional institution, and this court must afford substantial deference to SCDC's authority to maintain order, discipline, and control over inmate housing decisions. *See* ECF No. 53 at 5.

In his objections Plaintiff does not address the recommended denial of his motion for injunctive relief. *See* ECF No. 58. Instead, he provides more detailed allegations as to Defendants Taylor, Nelson, and Canning. *Id.* Again, that portion of the Report is now moot. But the court otherwise accepts the magistrate judge's recommendation, finding no clear error, and denies the motion for a temporary restraining order with leave to refile appropriately.

Plaintiff also appeals the denial of his motion to appoint counsel. *See* ECF No. 41. Plaintiff has no right to counsel in this civil action, and the court has discretion as to whether to appoint counsel. The denial of such a request constitutes an abuse of discretion only if the plaintiff's case presents "exceptional circumstances." *Whisenant v. Yuam*, 739 F.2d 160 (4th Cir. 1984), abrogated on other grounds by *Mallard v. United States Dist. Ct.*, 490 U.S. 296 (1989). Whether such exceptional circumstances exist is a fact-specific inquiry. The court must assess (1) whether the plaintiff asserts a claim that is not frivolous, (2) the difficulty of the claim, and (3) whether the plaintiff can present the claim considering the skill required to do so and the plaintiff's individual

abilities. *Jenkins v. Woodard*, 109 F.4th 242, 248 (4th Cir. 2024). Although Plaintiff submits that counsel has been appointed to represent him in other cases, and he details limitations that he claims prevent him from adequately representing himself, he does not address all the relevant factors the court must consider in detail. And with the court having just accepted Plaintiff's proposed amended complaint, at this stage of the proceedings, the court cannot find exceptional circumstances warrant the appointment of counsel. The court affirms the denial of Plaintiff's motion for appointment of counsel at this time.

## CONCLUSION

For the reasons above, the court **GRANTS** Plaintiff's motion to amend, ECF No. 59, and directs the Clerk to designate the second amended complaint, ECF No. 66, as the operative complaint in this case. The Clerk should also update the docket accordingly.

The amended complaint partly **MOOTS** the Report, but the court **ADOPTS** the magistrate judge's recommendation as to injunctive relief, finding no clear error in that analysis. [ECF No. 53.] Plaintiff's motion for a temporary injunction or restraining order, ECF No. 30, is **DENIED**.

Finally, the court **DENIES** Plaintiff's appeal of his motion to appoint counsel, ECF No. 41.

This matter remains referred to the magistrate judge.

**IT IS SO ORDERED.**

January 23, 2026                              Sherri A. Lydon
Columbia, South Carolina                      United States District Judge