IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| Derrick Powell,<br><br>Plaintiff,<br><br>v.<br><br>Terra Taylor; Warden Joseph Canning; Lt. James Allen; Warden Nelson; Courtney Olds; Frances Miller; MHO Mattress; QMHP Louder; Lt White; MHO Edwina Wilson; Mrs. Jackson, *Mental Health Officer*; Dr. Woods,<br><br>Defendants. | C/A No.: 4:25-cv-5080-SAL-TER<br><br>**ORDER** |

Plaintiff Derrick Powell, a Delaware prisoner housed at the South Carolina Department of Corrections ("SCDC"), filed a complaint under 42 U.S.C. § 1983 against SCDC, but he later amended his complaint to name specific prison officials. *See* ECF Nos. 1, 23. The magistrate judge assigned to this case recommended dismissal of several defendants named in the amended complaint for failure to state a claim. [ECF No. 53.] In response, Plaintiff moved to amend his complaint yet again, and the court granted his motion, directing Plaintiff to file another amended complaint and advising him that his second amended complaint would wholly replace any earlier complaints and must be complete in itself. [ECF No. 63.] Plaintiff filed his second amended complaint in January 2026, which the court accepted and designated as the operative complaint. [ECF Nos. 66, 76.]

This matter is before the court for review of the Report and Recommendation ("Report") of Magistrate Judge Thomas E. Rogers, III, made in accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02(B)(2)(d) (D.S.C.). [ECF No. 84.] The Report recommends summary

dismissal of Defendants Taylor, Canning, Nelson, Miller, Woods, Wilson, Jackson, White, and Mattress because Plaintiff failed to state a claim as to those defendants. *Id.* at 3–9.

Plaintiff was advised of his right to file objections to the Report and timely did so. *See* ECF No. 90. For the reasons that follow, the court adopts the Report and overrules Plaintiff's objections.

**STANDARD OF REVIEW**

The magistrate judge makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with this court. *See Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). In response to a recommendation, any party may serve and file written objections. *Elijah v. Dunbar*, 66 F.4th 454, 459 (4th Cir. 2023) (citing 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b)(3)). The district court then makes a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made. *Id.* To trigger *de novo* review, an objecting party must object with sufficient specificity to reasonably alert the district court of the true ground for the objection. *Id.* (quoting *United States v. Midgette*, 478 F.3d 616, 622 (4th Cir. 2007)). If a litigant objects only generally, the court need not explain adopting the Report and must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (citing Fed. R. Civ. P. 72 advisory committee's note).

An objection is specific so long as it alerts the district court that the litigant believes the magistrate judge erred in recommending dismissal of that claim. *Elijah*, 66 F.4th at 460. Objections need not be novel to be sufficiently specific. *Id.* But a party must do more than state, "I object." *Id.*

Because Plaintiff is proceeding pro se, the court is charged with liberally construing the pleadings to allow him to fully develop potentially meritorious claims. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) ("A document filed pro se is 'to be liberally construed,' and 'a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.'" (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976))). That said, the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleadings to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 390–91 (4th Cir. 1990).

**DISCUSSION**

## I. The Report

Plaintiff's claims arise from events that occurred on June 8, 2022, while he was incarcerated at SCDC. According to Plaintiff, he was suicidal on that date and hanged himself during outdoor recreation. [ECF No. 66.] He was then taken to Defendant Louder, who put Plaintiff back into his room where he hanged himself again. *Id.* Plaintiff further claims he was taken to another room and assaulted by Defendant Allen. *See id.* After the alleged assault, he claims Defendant Olds examined him and attempted to conceal his injuries. *Id.* Broadly construing the allegations in Plaintiff's second amended complaint, the magistrate judge authorized the issuance and service of process on Defendants Louder, Allen, and Olds. *See* ECF No. 84.

However, the Report concludes that, even liberally construed, Plaintiff's second amended complaint fails to adequately allege claims against the remaining Defendants:

- Plaintiff alleges that, following all of the incidents on June 8, 2022, he was moved to Allendale Correctional Institution. [ECF No. 66 at 1.] There, he was told by Defendant Wilson to stop complaining so much about "things like his mattress & don't cause

waves[,]" *id.* The Report finds no allegation connecting this statement to a constitutional violation by Defendant Wilson. *See* ECF No. 84 at 4–5.

- Plaintiff alleges that, following the alleged assault, Defendant Mattress allowed Plaintiff to fill out a grievance form and placed it in the mail, *see* ECF No. 66 at 1. These facts are insufficient to state a constitutional violation against Defendant Mattress, *see* ECF No. 84 at 5.
- Plaintiff alleges that he submitted a grievance about the assault, and that grievance was given directly to Defendant Nelson. [ECF No. 66 at 1.] As explained in the Report, where this is the extent of the allegations as to Defendant Nelson, the second amended complaint fails to allege facts as to Defendant Nelson's personal involvement or supervisory liability. *See* ECF No. 84 at 5–6.
- Plaintiff alleges he was escorted to see Defendant Woods following the assault, *see* ECF No. 66 at 1, but provides no facts supporting a claim against Woods, *see* ECF No. 84 at 6–7.
- As to Defendant Taylor, the Commissioner of the Delaware Department of Correction, Plaintiff asserts she was on notice that he feared for his life and needed to be removed from SCDC custody and returned to Delaware, and that he requested compensation for the hours he worked at SCDC jobs. [ECF No. 66 at 1.] The Report explains an inmate has no constitutional right to be confined at a particular institution. [ECF No. 84 at 7.] And as to his wages claim, he fails to allege an actionable claim under § 1983. *Id.*
- Plaintiff alleges he told Defendant White, who was Defendant Allen's supervisor, about his suicidal ideations. [ECF No. 66 at 1.] Plaintiff further alleges that Defendants White, Canning, and Jackson were informed of his concerns about Defendant Allen but failed to act. *Id.* As explained in the Report, these allegations fail to state plausible claims of constitutional violations by Defendants White, Canning, or Jackson. [ECF No. 84 at 7–8.]
- Plaintiff alleges Defendant Miller was present at the time of the assault and physically restrained Defendant Allen. [ECF No. 66 at 1.] The Report explains Plaintiff fails to state a constitutional claim against Defendant Miller. [ECF No. 84 at 8.]

The court agrees with the magistrate judge's assessment of Plaintiff's claims as to Defendants Taylor, Canning, Nelson, Miller, Mattress, White, Wilson, Jackson, and Woods and concludes that

the second amended complaint fails to state a claim against these Defendants. [ECF No. 84 at 3–9.]

## II. Plaintiff's Objections

Plaintiff does not object to the recommended dismissal of Defendants Woods or Jackson. *See* ECF No. 90 at 3. He does, however, object to the dismissal of the other Defendants. To that end, he offers additional facts regarding the remaining Defendants:

- Plaintiff alleges Defendant Wilson told him to "stop making waves & just lay down" and that "no lawsuits would be filed[,]" allegedly violating his First Amendment rights. [ECF No. 90 at 2.]
- Plaintiff alleges Defendant Mattress knew Plaintiff was in danger, turned a blind eye, and is a witness to Plaintiff's assault. *Id.* at 2.
- Plaintiff states Defendants White, Nelson, and Canning knew of a prior assault and excessive use of force by Defendant Allen against Plaintiff in 2021 and are liable under a theory of supervisory liability. *Id.* He further argues these Defendants violated SCDC policy by not separating him from Defendant Allen. *Id.* at 2–3.
- Plaintiff asserts Defendant Taylor was aware of alleged violations of an interstate compact governing his transfer and failed to act, resulting in injury to Plaintiff. [ECF No. 90 at 3.] Plaintiff further claims that, had Defendant Taylor enforced the compact, Plaintiff's rights would not have been violated, and his injury would have been prevented. *Id.*
- Plaintiff newly claims that Defendant Miller held him down while Defendant Allen assaulted him. *Id.* at 1.

## III. Analysis

Through his objections, Plaintiff asks this court not to dismiss Defendants Taylor, Canning, Nelson, Miller, Mattress, White, and Wilson, but many of the facts he relies on in his objections are not alleged in his second amended complaint. *Cf.* ECF Nos. 66, 90. "Plaintiff cannot use his objections to plead new facts not alleged in his complaint." *Vanzant v. Carolina Ctr. for Occupational Health*, Civil Action No. 8:14-cv-03725-RBH, 2015 WL 5039302, at *4 (D.S.C.

Aug. 25, 2015). Some of these additional allegations could withstand summary dismissal if properly pleaded—for instance, Plaintiff's allegations that Defendant Miller held him down while Defendant Allen assaulted him. *See* ECF No. 90 at 1. However, these assertions directly contradict the allegations in Plaintiff's operative complaint, which indicates only that "Mr. Powell was saved by Frances Miller who physically restrained James Allen . . . ." [ECF No. 66 at 1.] The court is mindful that it "must construe the pleadings liberally and in favor of the strongest arguments they suggest. But that does not mean that the district court becomes the plaintiff's legal advocate; nor does it require the court to conjure up every claim imaginable from the plaintiff's allegations." *Jackson v. Dameron*, -- F.4th --, 2026 WL 860089, at *1 (4th Cir. 2026). Plaintiff has now amended his complaint twice, and, prior to the most recent amendment, he was cautioned that his second amended complaint would replace the original and must be complete in itself. *See* ECF No. 63. Nevertheless, the operative complaint fails to allege sufficient facts to state claims as to Defendants Taylor, Canning, Nelson, Miller, Woods, Wilson, Jackson, and White. Accordingly, the court agrees these Defendants must be summarily dismissed, and Plaintiff's objections are overruled.

## CONCLUSION

For the reasons above, the court **ADOPTS** the Report, ECF No. 84, and partially dismisses the second amended complaint, ECF No. 66. Defendants Taylor, Canning, Nelson, Miller, Mattress, White, Wilson, Jackson, and Woods are **DISMISSED WITHOUT PREJUDICE**.

This matter remains referred to the magistrate judge.

**IT IS SO ORDERED.**

Sherri A. Lydon

August 31, 2026
Columbia, South Carolina

Sherri A. Lydon
United States District Judge